1 F.3d 1235
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hubert Leon WILLOUGHBY, Defendant-Appellant.
 No. 93-5000.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 11, 1993.
Decided: August 17, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CR-92-295-A)
 Frank Salvato, Alexandria, Virginia, for Appellant.
 Marietta Irene Geckos, Criminal Division, United States Department of Justice, Washington, D.C., for Appellee.
 John C. Keeney, Acting Assistant Attorney General, Mary Lee Warren, Chief, Criminal Division, United States Department of Justice, Washington, D.C., for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and BRITT, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 A jury convicted Hubert Willoughby of possession with intent to distribute phencyclidine (PCP) in violation of 21 U.S.C. Sec. 841(a)(1). He now challenges the sufficiency of the evidence for his conviction, the district court's instruction to the jury on the issue of his intent to distribute, and the court's denial of his new trial motion. Finding no merit in defendant's claims, we affirm the judgment of the district court.
 
 I.
 
 2
 At the time of his arrest, Willoughby possessed fourteen aluminum foil-wrapped "dimes" of PCP mixed with parsley. Each "dime" could be rolled into at least one cigarette and smoked. In total, defendant had twenty-two grams of the PCP/parsley mixture.
 
 
 3
 At trial, Willoughby's sole defense was that he had no intent to distribute the PCP, which he claims was only for personal use. To show intent to distribute, the government presented evidence from several sources. Robert Peer, an acquaintance of the defendant, testified that defendant tried to sell the PCP/parsley mixture for two days from Peer's home and that defendant actually had sold some PCP to a "female neighbor," whom Peer identified at trial as Susan Eckenstine. Peer had not previously identified her so positively in his interviews with the police and her identity had not been revealed to the defense before trial. The government also provided expert testimony from DEA Agent Doug Comfort, who testified that the amount of drugs was too much for personal use, and that distribution was the likely goal for such a large quantity of "product." Comfort stated that even "hard-core PCP addicts" would not be likely to use more than two or three dimes in one sitting, and that most users would not prepare more PCP than they could consume in one sitting.
 
 
 4
 Defense counsel vigorously cross-examined Peer, attacking his credibility by focusing on Peer's prior felonies, inconsistencies in his story, and his agreement to testify after having pleaded guilty to selling LSD. Defense counsel claimed to catch Peer in several untruths, including Peer's version of a verbal exchange in the courtroom between Peer and Willoughby after Peer's testimony. Counsel was not as effective, however, in shaking Agent Comfort's testimony.
 
 
 5
 In his own defense, Willoughby testified that he bought the PCP from Peer. He also stated that he was a drug addict with an above-average capacity to consume PCP, and that the fourteen cigarettes were for his own personal use. Defendant's expert, Dr. Jacob Melamed, confirmed that Willoughby was a drug addict, and that the twenty-two gram amount was consistent with personal use by someone with such an addiction. On cross, the government was able to show that Dr. Melamed was not as familiar with street traffic in narcotics as Agent Comfort, and that the doctor misused some common street terms for amounts of drugs. Melamed also conceded that the PCP in Willoughby's possession would constitute an overdose if smoked at one time.
 
 
 6
 In instructing the jury, defendant asked for a specific instruction that his history of drug abuse could be considered in determining whether the PCP was for personal use or distribution. The district court refused, instead informing the jury that it could "take into consideration all the facts and circumstances shown by the evidence received in the case concerning that person." The court also told the jury that it could consider the purity and quantity of the controlled substance, the presence of equipment used in the processing and sale of controlled substances, and large amounts of cash or weapons. The court advised the jury that it could "infer intent to distribute from the quantity of the substance possessed and/or the manner in which it is packaged," but stressed that "the ultimate question of intent to distribute should be resolved by the jury upon all the evidence in the case."
 
 
 7
 The jury convicted the defendant. He moved to set aside the verdict, or in the alternative, for a new trial. The district court denied the motion. Later, after obtaining an affidavit from Ms. Eckenstine stating that she had never purchased PCP from the defendant, Willoughby moved for a new trial on the basis of this evidence. Finding that the new evidence would not have resulted in an acquittal, the district court denied this motion as well. Willoughby now appeals.
 
 II.
 
 8
 On appeal, Willoughby challenges (1) the sufficiency of the evidence for his conviction, (2) the district court's instruction to the jury on the issue of his intent to distribute, and (3) the district court's denial of his new trial motion. We address these issues in turn.
 
 A.
 
 9
 Willoughby argues that the government's evidence of intent to distribute was insufficient to support the conviction. He maintains that Peer's testimony was totally discredited, and that the testimony of Agent Comfort was not based on a proper foundation. Specifically, defendant argues that Peer was not a credible witness, and that Comfort's opinion that the PCP was too much for personal use was rendered without examining the defendant or knowing of his addiction-enhanced capacity for PCP. Defendant contrasts these alleged weaknesses in the prosecution's case with the superior evidence he produced at trial-his own testimony and that of Dr. Melamed-and concludes that the evidence of intent does not support a finding of guilt beyond a reasonable doubt.
 
 
 10
 We disagree. Peer's credibility was certainly attacked by the defense's rigorous cross-examination, but the ultimate question of credibility was for the jury, and we "must assume that the jury resolved all contradictions in testimony in favor of the Government." See United States v. United Medical and Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993). The jury apparently found Peer credible enough to believe at least part of his testimony. Moreover, Peer's testimony was bolstered by Comfort's testimony, based upon his experience in narcotics enforcement, that a user could not consume fourteen cigarettes of PCP at one time. As the district court found, "Agent Comfort's testimony alone was sufficient for the jury to find that at the time of his arrest, the defendant intended to distribute the PCP that was confiscated from him." The evidence presented by the prosecution was more than sufficient to justify the jury's conclusion that Willoughby had an intent to distribute.
 
 B.
 
 11
 Willoughby next argues that he was entitled to have his theory of the case-namely, that he possessed the PCP for personal use rather than distribution-"specifically enunciated" to the jury. He maintains that the district court's failure to instruct the jury to consider his addiction prevented him from "squarely" presenting his theory of the case.
 
 
 12
 We find no abuse of discretion here. The instructions given to the jury need not track exactly the evidence offered by the defendant, especially when the jury charge makes clear, as it did no less than ten times, that the jurors should consider all the evidence in the case. See United States v. Scott, 730 F.2d 143, 148 (4th Cir. 1984). The district court did not abuse its discretion in refusing to give a jury instruction on defendant's alleged drug addiction, especially given the dearth of case law supporting any such instruction.*
 
 C.
 
 13
 Finally, Willoughby argues that the district court abused its discretion in denying his motion for a new trial based on newly discovered evidence. Specifically, defendant produced an affidavit from Susan Eckenstine stating that she never had purchased PCP from the defendant, directly contradicting Peer's testimony that the defendant had sold a dime of PCP to her. Applying the five-part test of United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989), for granting a new trial based on newly discovered evidence, the district court found that the affidavit from Eckenstine "probably would not result in an acquittal." Thus, the district court concluded that Willoughby was not entitled to a new trial.
 
 
 14
 We find no abuse of discretion here. The district court was correct to view Eckenstine's affidavit with skepticism. She had her own motivation in the matter-namely, to refute Peer's allegations of criminal conduct on her part. Her affidavit hardly proves that Peer perjured himself. Moreover, even if Peer's testimony was totally discredited, the district court found that "the testimony of Agent Comfort was extremely effective, and would have been enough to result in a conviction standing alone, without the testimony of Mr. Peer." The district court committed no error in denying Willoughby's motion for a new trial.
 
 III.
 
 15
 For the reasons given above, the judgment of the district court is
 
 
 16
 AFFIRMED.
 
 
 
 *
 Defendant also claims that the district court erred in allowing the government to present its theory of the case by instructing the jury that it could infer intent from quantity and packaging. We are not persuaded that this charge was prejudicial. The government was free to argue that the quantity and packaging of the PCP was consistent with an intent to distribute, just as Willoughby was free to argue that the quantity and packaging was consistent with a lack of such intent. Needless to say, it is the jury that must resolve this matter